*149
 
 Manly, J.
 

 Under the provisions of the Revised Code, ch. 119, sec. 17, the will of one, domiciled in another State, admitted to probate there according to the requirement of the law, will be admitted, in the courts of this State, as proved in respect to personalty, and put upon the records. To entitle a case to this comity, it is necessary, however, that the will «hould be proved at the place of the domicil, and that an exemplification of the will and probate should be duly certified to us by the proper officers of the court, with the information that it is in due form. It will then become the duty ••of any court in this State, where there are goods of value belonging to the deceased, to spread it upon its records and issue letters thereon. The law, in respect to such matters, in 'view, especially, of our statute law upon the subject, was ■.fully discussed in
 
 Hyman
 
 v. Gaskins, 5 Ired. 267, and in
 
 Drake
 
 v.
 
 Merrill,
 
 2 Jones, 368. We deem it unnecessary, •therefore, to say more at present.
 

 Referring to the documents now before us, it will be seen that the testator was of St. Clair county, Alabama, where a probate is first had of his will. It then seems to have been propounded in some form, in Carroll county, Mississippi, where it was admitted to probate also. The copy, which we lhave, is from Mississippi, and is certified by the clerk of the •probate Court for Carroll county, to be .a true copy. We are unable to discover from its contents, whether the original, or a, copy was sent to Mississippi, but in either case the exemplifi•cation sent us is not a compliance with the law. In the absence •of the original, (which we suppose might have been brought into North Carolina and proved) it is proper that we should .have a copy and an exemplification of the proceedings, properly certified from the Court of probate, at the domicil. At best, we have only a certificate from the Court of Carroll •county that certain matter was certified to that Court. A copy of a copy, in record evidence, is inadmissible. Whether it be duly proved according to the law of the domicil, we are mot informed. It is indispensable that the probate Court in Alabama should adjudge the paper, upon the proofs, to be the
 
 *150
 
 last will and testament of the deceased, and that this should he certified directly to us.
 

 There is no error.
 

 Per Curiam,
 

 Judgment affirmed.